## Tollari v. General Motors Corp.

340

C.P. of Allegheny County, no. GD97-5079.

*Mary Chmura Conn,* for plaintiff.
*Lee R. Allman,* for defendants.

WETTICK, *J.,* October 29, 1998—Plaintiff's motion to compel return of Dr. Bhatt's medical report is the subject of this opinion and order of court.

This is a product liability claim in which plaintiff alleges that he sustained serious injuries as a result of an April 12, 1995 motor vehicle accident.

On several occasions during the period between March 22, 1995 and April 15, 1996, plaintiff was seen by Dr. Naresh Bhatt at Centerville Clinics Inc. On February 10, 1998, plaintiff signed an authorization for release of medical records in which he authorized Centerville Clinics to release to counsel for defendants all records, reports, physician's notes and the like relating to any examination, consultation, care, or treatment. The authorization states that Centerville Clinics is not authorized to discuss the patient's case or to furnish reports regarding the patient's condition other than records presently in the file regarding the patient.[1]

On April 10, 1998, defendants' counsel served upon plaintiff's counsel a notice of intent to serve subpoenas to produce documents and things for discovery pursuant to Rule 4009.21. The notice stated that defendants will serve a subpoena on the records custodians of a series of medical providers including Centerville Clinics. Pursuant to Pa.R.C.P. 4009.21, the notice stated that plaintiff had 20 days from April 10, 1998 in which to file objections to the subpoenas and if no objections were filed the subpoenas would be served. The proposed subpoena relating to Centerville Clinics sought the same records that were described in the February 10, 1998 authorization.

On April 27, 1998, defendants' counsel sent a certified letter to Dr. Bhatt at the Fredericktown Centerville Clinic that enclosed a subpoena ordering Dr. Bhatt to appear for a deposition at his law offices in Philadelphia on May 28, 1998 at 10 a.m. to testify on behalf of General

---

1. It appears that plaintiff's counsel added this restriction to the authorization that defendants' counsel had submitted to plaintiff's counsel.

Motors and to bring with him the documents described in an attached schedule A.[2] Schedule A referred to the same medical documents that were described in the authorization. However, schedule A did not include the provision which plaintiff's counsel had included in the authorization directing the doctor to furnish only records presently in his file regarding the patient.

The April 27, 1998 letter of defendants' counsel included the following statement:

"The purpose of this subpoena is to secure copies of records in your possession which contain information which may be relevant to the pending action. *In lieu of having a representative of Centerville Clinics appear for a formal deposition and producing original records, we are prepared to accept legible copies of all documents by mail so long as those materials are received with the accompanying affidavit representing that everything called for in the subpoena is being forwarded with the affidavit in compliance with the subpoena.* Absent notice that documents will be forwarded in lieu of attendance at the deposition, we will anticipate the arrival of a formal representative of Centerville Clinics and original records at the offices of the undersigned as called for in the subpoena." (emphasis in original)

On May 4, 1998, Dr. Bhatt prepared a three-page letter addressed to Lee R. Allman (defendants' counsel) in which he discussed each of plaintiff's visits.

At the request of Centerville Clinics, defendants' counsel forwarded to Centerville Clinics the February 10, 1998 authorization. Shortly thereafter, Centerville Clinics furnished plaintiff's medical records and Dr.

---

2. Pa.R.C.P. 234.2(c) provides that if a subpoena is served by mail, a check in the amount of one day's attendance and round trip mileage shall be enclosed with the subpoena. The letter to Dr. Bhatt makes no reference to any check.

Bhatt's letter to Mr. Allman who then provided copies to plaintiff's counsel.

Plaintiff's counsel requested defendants' counsel to return the original and all copies of the May 4, 1998 letter to Dr. Bhatt. Defendants' counsel returned the original but retained a copy. Plaintiff then filed the motion to compel the return of all copies of Dr. Bhatt's May 4, 1998 letter that is the subject of this opinion and order of court.

Plaintiff relies on Pa.R.C.P. 4003.6 which reads in relevant part as follows:

"Information may be obtained from the treating physician of a party only upon written consent of that party or through a method of discovery authorized by this chapter."

Plaintiff contends that he never consented to the preparation or delivery of the May 4, 1998 letter. Furthermore, the letter was not prepared and submitted pursuant to a method of discovery authorized by the Rules of Civil Procedure. Therefore, defendants' counsel was required to return the letter unread to Dr. Bhatt.

Defendants raise several arguments in support of their position that they may retain and use the May 4, 1998 letter. First, they contend that plaintiff authorized the production of this letter through the authorization that he executed which covered "reports." This argument has absolutely no merit. A letter from a plaintiff's physician to an opposing counsel is not a report under any reasonable construction of the authorization. Furthermore, plaintiff's counsel added to the authorization the statement that Centerville Clinics was not permitted to furnish reports regarding the patient's condition other than records presently in its file.

Next, defendants contend that the May 4, 1998 letter was not obtained pursuant to the authorization.[3] Instead,

---

3. This is correct because the authorization was not provided to Centerville Clinics until several weeks after Dr. Bhatt received a

they contend that the letter was obtained pursuant to Rule 4009.21. A copy of the proposed subpoena served on plaintiff's counsel included "reports." Plaintiff's counsel never objected to this subpoena by filing of record a written objection and serving a copy of the objection on defendants as provided for by Rule 4009.21. The May 4, 1998 letter is a report. Consequently, defendants obtained this document through a method of discovery authorized by this chapter.

For at least two reasons, this argument is absolutely without merit. First, a subpoena which refers to a physician's report could not be reasonably construed by either counsel for the party issuing the subpoena or counsel for the party whose medical records are being sought as including a letter to opposing counsel summarizing the treatment.

Second, defendants' counsel never obtained any records from Centerville Clinics pursuant to Rule 4009.21. If he was using that rule, he could not have served the proposed subpoena on Centerville Clinics until at least 20 days after he gave written notice to plaintiff of his intent to serve the subpoena. The date of service of the notice of intent to serve subpoenas was on or after April 10, 1998 and the subpoena was served on Centerville Clinics on April 27, 1998. Also, the record does not show the filing of the certificate required as a prerequisite to the service of the subpoena. See Rules 4009.22(a) and 4009.25. Finally, a subpoena compelling Dr. Bhatt to appear for a deposition in Philadelphia on May 28, 1998 at 10 a.m. is not a subpoena provided for under Rule 4009.26.

Through the April 27, 1998 mailing, defendants' counsel sought to obtain plaintiff's medical records pursuant

---

subpoena compelling Dr. Bhatt to appear for a deposition in Philadelphia.

to Pa.R.C.P. 4007.1(d)(2).[4] Under this procedure, defendants' counsel was prohibited from directing the treating physician to produce the medical records prior to the May 28, 1998 deposition. See explanatory comment—1997 to Rule 4009.1 ("The person who is not a party and who has been subpoenaed to produce documents or things at a deposition is prohibited from producing them earlier than at the time of the deposition except upon the consent of all parties."). Also see *Talarico v. Montefiore Hospital,* 138 P.L.J. 210 (1990). Consequently, the May 4, 1998 letter was not obtained through a method of discovery authorized by the Rules of Civil Procedure.[5]

Defendants' counsel next contends that this letter is outside the scope of Rule 4003.6. He states that he never asked Dr. Bhatt to prepare the letter and that none of his actions contributed to Dr. Bhatt's preparation of the letter. It was a mistake on Dr. Bhatt's part for which defendants are not responsible. Rule 4003.6 should not be construed to cover the situation in which a treating physician voluntarily furnishes relevant information. Rule 4003.6 should be limited to the situation in which a party to the litigation encourages the physician of an opposing party to furnish information.

Even if I found defendants' counsel to be entirely innocent, I would reject defendants' position for at least two reasons.

---

4. The new rules (Rules 4009.21-4009.27) permitting a party to obtain records from a third party through a subpoena to produce documents created another method of obtaining documents from a third party. A party may continue to schedule a deposition by oral examination to obtain records from a third party. See note to Rule 4009.1.

5. In this case, the defendants are not suggesting that a healthcare facility provided discovery pursuant to the Act of November 28, 1986, P.L. 1458, no. 145, 42 Pa.C.S. §§6151-6159.

First, this position is inconsistent with the clear language of Rule 4003.6. The May 4, 1998 letter is information that defendants obtained from the treating physician of the party. They did not obtain this letter with the written consent of the party or through a method of discovery authorized by the Pennsylvania Rules of Civil Procedure, Depositions and Discovery. The apparent purpose of Rule 4003.6 is to protect patients who are parties in a pending lawsuit. There is nothing in the language of Rule 4003.6 suggesting that Rule 4003.6 should apply only where there is overreaching on the part of counsel.

Defendants contend that this case is similar to the situation in which an attorney inadvertently produces records protected by the attorney-client privilege. They contend that in this situation the party receiving the documents is entitled to use them in any way that this party wishes. In support of this position, they cite only an unreported 1989 memorandum authored by Judge Bechtle of the Eastern District of Pennsylvania in *ICI Americas Inc. v. John Wanamaker of Philadelphia*, 1989 W.L. 38647 (E.D. Pa. 1989). A party's inadvertent production of documents to an opposing party is not the same as a treating physician's inadvertent production of documents to an opposing party because in the latter situation neither the patient nor his counsel participated in the production of the documents. Furthermore, I am puzzled as to why defendants' counsel would be citing this 1989 unreported federal district court memorandum since six years later I issued an opinion in *Minatronics Corp. v. Buchanan Ingersoll P.C.*, 23 D.&C.4th 1, 143 P.L.J. 228 (1995), which holds that where there has been an inadvertent disclosure, the party receiving the documents may not introduce the documents into evidence at trial, may not make any reference to these documents for the remainder of the litigation, and may not furnish the documents to any additional persons.

Finally, I reject defendants' position that they played no role in the preparation and delivery of the May 4, 1998 letter. I find that counsel's abuse of the discovery rules contributed to the preparation and delivery of the letter.

Defendants were entitled to schedule a deposition in Philadelphia if they tendered the fee for one day's attendance and round-trip mileage. However, under Rule 4007.1, they were not permitted to give Dr. Bhatt the option of furnishing documents by mail in lieu of travelling more than 250 miles to Philadelphia.

Furthermore, the choice set forth in the April 27, 1998 letter from defendants' counsel to Dr. Bhatt was not to come to Philadelphia with the original records or to furnish copies by mail. Instead, the letter stated that defendants' counsel was "prepared to accept legible copies of all documents by mail" in lieu of the production of the original records in Philadelphia at a formal deposition. The reasonable reading of the term "legible" means possible to read. A review of the medical records shows that various notes of Dr. Bhatt are not possible to read. The April 27, 1998 letter and the subpoena served pursuant to this certified mailing required Dr. Bhatt to travel from Fredericktown to Philadelphia—this was not a subpoena directed to a records custodian. Consequently, defendants were advising Dr. Bhatt that he had the choice of either coming to Philadelphia or satisfying defendants' demand for legible records. The legibility requirement very likely resulted in the preparation of the May 4, 1998 letter.

For these reasons, I enter the following order of court:[6]

---

6. The relief that I am providing in this order of court is what plaintiff sought. Consequently, I need not decide whether plaintiff would have been entitled to any additional relief such as the disqualification of defendants' counsel.

348

## ORDER

On October 29, 1998, it is hereby ordered that plaintiff's motion to compel the return of the May 4, 1998 letter is granted. It is further ordered that all copies of the May 4, 1998 letter in the possession, custody, or control of defendants (including defendants' experts) shall be furnished to plaintiff's counsel within 20 days and that no party, witnesses (including expert witnesses), or attorneys may make any reference to this letter for the remainder of the litigation.